## APPEAL OF JAMES BAIRD.

Docket No. 9393.   Decided July 27, 1926.

Value of certain securities received as compensation for services determined.

*J. S. Y. Ivins, Esq.*, for the petitioner.
*Geo. G. Witter, Esq.*, for the Commissioner.

Before STERNHAGEN and ARUNDELL.

The Commissioner has determined a deficiency in income taxes for the year 1919 in the amount of $11,885.61. The question involved is the valuation of certain bonds received by the petitioner as additional compensation for services rendered.

FINDINGS OF FACT.

During the year 1919 petitioner was vice president of the George A. Fuller Co. of New York. In addition to a fixed salary he had a contract with the George A. Fuller Co. that he should receive a certain proportion of the profits of that company. Under the terms of the contract, where the company received its profits in cash, his share was to be paid to him in cash, and where the company received its profits in securities, he was to receive a ratable proportion of such securities. The George A. Fuller Co. received during its fiscal year ended April 30, 1919, as part of its profits, certain bonds of the Bowman Hotel Corporation and certain notes of the Central Building Co.

The petitioner received during June, 1919, as part of his compensation under his profit-sharing contract with the. George A. Fuller Co., 42 bonds of the Bowman Hotel Corporation, which bonds were of the par value of $1,000. These bonds were secured by a lien upon a leasehold estate in the property known as the Hotel Commodore, at Forty-second Street and Lexington Avenue, New York City. The security of said bonds, being secured only by the leasehold, was, in effect, junior to two mortgages in a total amount of $5,000,000, held by the Metropolitan Life Insurance Co. of New York, and to the annual charges for ground and building rentals. The fair market value of the bonds of the Bowman Hotel Corporation at the time of their receipt by petitioner was 50 per cent of their par value, making a total fair market value for the 42 bonds received by him of $21,000.

The petitioner also received, as additional compensation during the year 1919, 68 notes of the Central Building Co. of the face amount of $1,000 each. These notes were reported by the petitioner in his income-tax return as having a fair market value of 75 per cent of their face value. The value of the notes at the time of their receipt as reported by the petitioner in his income-tax returns was accepted by the Commissioner and the tax fixed on that valuation.

OPINION.

ARUNDELL: For the reasons set forth in the Appeal of Walter T. Smith, this day decided, ante, 397, we are satisfied that the value of the bonds of the Bowman Hotel Corporation, when received by the petitioner in June, 1919, was not to exceed 50 per cent of their par value. No evidence was offered as to the value of the notes of the Central Building Co. and the finding of the Commissioner is consequently approved.

> Order of redetermination will be entered on 15 days' notice, under Rule 50.